May it please the court, my name is Megan Monahan on behalf of the appellate Mr. Chin-Young. This court has asked the parties to address whether this court has jurisdiction over Mr. Chin-Young's appeal. Both parties agree after the Supreme Court's decision in Perry v. Merit System Protection Board that Mr. Chin-Young's complaint presents a mixed case because his complaint includes allegations of discrimination. Therefore, jurisdiction over Mr. Chin-Young's claims is proper in the district court and in this court. Could I just ask, I understand your argument and obviously the impact that Perry has on our analysis. Help me understand, if you will, what claims you're raising that you is that in Perry the Supreme Court. My question, that wasn't my question, you understand that. I mean my question is what issues did you not, what issues will you raise that you didn't have an opportunity to raise before the MSPB? I understand the impact of Perry. The claims that were before the MSPB were the action for enforcement of a settlement agreement and Perry teaches that those. Can we stay away from Perry for purposes of my question? I do understand the impact of Perry. I'm just trying to understand factually what's going to change when you go back with respect to the pre-2013 claims. Can I try to put it a different, slightly different way? So we're not going to worry about what do we do? So I think that gets at Judge Duncan's question is the second part of what we ask you all to brief is the affirmative defenses like race judicata. So at this point of all these claims that were raised down below, what happens? We would respectfully submit that the claims below in the district court's opinion below, the district court considered the affirmative defense of release and waiver because it looked at Mr. Chiang's settlement agreement and at the motion to dismiss stage when determining the plausibility of a party's claims, that is improper because it looks at facts and circumstances outside of the complaint which a party is not required to preemptively address. Yeah, but the court, what we have before us now is the third district court action. So that court was looking at the prior decisions of the same district and maybe the District of Maryland and the decisions that those courts made. So the what those orders actually said to determine whether race judicata, literal estoppel or something else might apply. So I think the question still is of this multitude of claims that are out there, what happens to them now? So we would argue that they should be considered on the merits before the first district court opinion in Maryland was a dismissal based off of race judicata, or excuse me, was a dismissal based off of lack of subject matter jurisdiction because the court found that his case was not a mixed case. So you want it to go back to the district court? Yes ma'am. So we would respect... And what new, would you present new evidence or information before the the the claims would be the claims that he brought in the third district court action and we would respectfully submit that those claims should be considered on the merits instead of being dismissed at the motion to dismiss stage. And so it is our position that in the first district court action his case was dismissed for lack of subject matter jurisdiction which is not a decision on the merits. And then the second district court action was dismissed for lack of jurisdiction as well and both of those dismissals for lack of subject matter jurisdiction are not decisions on the merits such that res judicata would attach. In addition we would respectfully submit that the lower court in this case and the decisions of the first two district courts are improper because they look to the facts surrounding Mr. Ching Young's settlement agreement and his settlement agreement, looking at the settlement agreement necessarily requires consideration of the affirmative defense of waiver and release and both of those require the court looking outside of the facts that are presented in the settlement agreement or excuse me outside of the facts that are submitted in the complaint which is precisely what the Supreme Court in Perry said that a district court cannot do when looking at the plausibility of a party's claims. So let me take you to Judge Lee's order which is I would call out the second district court order and some of the claims certainly they apply the FMLA and ADEA claims on the basis of derivative jurisdiction not subject matter jurisdiction and the title 7 claims were dismissed for failure to exhaust and then the FMLA HIPAA and Privacy Act claims under 12b6. So what why would he get another shot at those claims? So with respect to the title 7 claim the derivative jurisdiction was based off of the fact that the state court could not consider the title 7 claim and so because that is a jurisdictional issue and it was dismissed on the basis of jurisdiction we would argue that Reg. remaining claim for the lack of... And why is race judicata complete a complete disposition when I mean it is true that it's generally an affirmative defense but but if you don't when you don't contest the adequacy of the factual record below is it not appropriate for the district court to consider race So we would argue that race judicata does not is not the court does not need to look at the issue of race judicata. Well let's assume for purposes of my question that you can because that's I think we have said that that when there is no challenge to the factual adequacy of the record that you're not precluded from considering race judicata at that stage so assuming that that's correct can you address Judge Aitchie's question? So what's left and what all I'm trying to get to is as a practical matter because it's been around it's been to the district court three times I'm trying to understand what there is left that hasn't been addressed. So we would respectfully submit that the court none of the district courts below have ever addressed the merits of his discrimination claims. But for differing reasons with respect to jurisdiction determinations some of which seem to apply and some of which don't and I'm suggesting that possibly race judicata doesn't. So Mr. Chin Young's the merits of his complaint have not been addressed below. And so it's our position that the merits of his complaint have not been addressed and the district courts when they look. If a court was entertaining a 12 v 6 motion it wouldn't be addressing the merits. So for instance when the second district court order dismissed the FMLA HIPAA and Promisee Act claims for 12 v 6 federal state of claim. What, why is that not a barrier even if the other claims went off on the subject matter jurisdiction? We would respectfully argue that when the court determined that it lacked subject matter jurisdiction over the employment discrimination claims because those are necessary for a mixed case jurisdiction that it no longer should have considered the merits of the other claims. Because once a court decides that it lacks jurisdiction over a case it should not consider that complaint further. So what's going to be different if you went back I mean if the court has said you're out under 12 v 6 under for these claims how's that going to be any different when you go back? So the court in the Judge Lee's opinion only addressed a certain number of those claims that what would be below before the district court would be the merits of the employment discrimination claims. Right right but I'm trying to focus in on some of these other claims that were there and determine whether your argument is everything goes back doesn't matter what the other grounds were or others if some of the case goes back whether some of these particular claims FMLA for example whether we can dispose of those now. So tell me why we can't. So it would be our position that the court should send the entire case back to the to the district court to remand however if the court decides that those cases that res judicata should apply to certain claims that were addressed in Judge Lee's opinion it's our position that if the court decides not to send the entire case back. It would really help because I have a similar question and I'm not actually although I frequently am not trying to be difficult here but I'm trying to understand why it's of a piece because there are claims that it seems to me it's arguable have been disposed of. So maybe you could tell me why not. I think that's what Judge Agee's question it may be perhaps you could take the first shot at parsing it and if you want to think about it and come back and do it on rebuttal that's fine but I'm really trying to understand why this is of a piece. So it would be our position that if the court decides to remand certain claims of the claims that should survive would certainly be the title 7 claim which was not addressed it was dismissed on jurisdictional grounds before the lower court and also the claims regarding the discrimination so that the claims that are involving allegations of discrimination should not be dismissed and that those should be remanded. So just the cases that were those are the only cases that should go back and why not? So we would argue that they should all go back because the court should consider them as a whole however if the court decides that it is it should parse our position would be the claims that were dismissed by the lower courts for lack of subject matter jurisdiction those should be the ones that are remanded to the district court for further consideration because res judicata does not attach to a lack of a decision for lack of subject matter jurisdiction. So the only thing that needs to go back are the cases that were dismissed under subject matter jurisdiction? Yes which are most of the claims and so the ones arising under the federal statutes protecting against employment discrimination. Can you tell us on rebuttal which of those claims might not survive your subject matter jurisdiction? And why not FMLA for instance? I mean I appreciate where we're getting I guess just a little more. Yes on rebuttal I can provide you a fuller list of the exact claims I am speaking in generalities now. And understandably so. Yes so during rebuttal though I can certainly come back and argue and tell you. One more question or comment on that line. I'm assuming your position is if the court one of the district courts dismissed a claim of Mr. Chin Young's in alternative holdings one of which was we like subject matter jurisdiction. I'm facing it in part on lack of subject matter jurisdiction is sufficient to require that it go back. I see my time is up. Please respond to the question thank you. So in that case we would argue because the court first found that it lacked subject matter jurisdiction it should not have considered the claims further and that any analysis should not have been done on the grounds for. So you that would be our position yes. Do you have any authority for that? So the argument would be if a court lacks subject matter jurisdiction it should not consider. My question is a little more specific. I cannot provide you a case ma'am. Thank you. May it please the court. I'm Assistant United States Attorney Kimmery Kimball here today on behalf of the federal defendant appellees. We're here today on Mr. Chin Young's appeal of the dismissal of this third federal court action that he's brought alleging the same claims about the same facts regarding the Army's termination of him for misconduct eight years ago and the all of these claims. Because this action merely constitutes the third time that Mr. Chin Young has asserted all the same claims regarding his termination. Have there been any merits based determinations in the post MSPB? Yes your honor. In the District of Maryland case the only claim that was dismissed for a lack of subject matter jurisdiction was the title 7 claim. The all of the due process claims, the 42 USC 1983 claim, the FTCA claim, the Privacy Act claim, the FMLA claim. Maybe I'm reading this order incorrectly but the District of Maryland order says this court lacks jurisdiction to review the dismissal of Chin Young's claims. So even that the discrimination claims are never addressed but in that he has not brought a mixed case. Exclusive jurisdiction over his claims lies in the federal circuit and the complaint is dismissed sui sponte for lack of subject matter jurisdiction. So that appears to encompass everything. So first the the District of Maryland held at page two of the decision or page two of the Westlaw version of the decision that other than his bare assertions of law, Chin Young does not state any facts whatsoever to support a plausible theory of relief against defendants and the complaint as it pertains to these federal laws. I know the opinion says that but then at the end it comes back and it looks like that it reads, maybe you can tell us differently, that it sweeps everything together in that opinion into a subject matter jurisdiction rule in the last paragraph. I would disagree with that your honor because in paragraph at the bottom of page two it notes that although all the rest of Mr. Chin Young's claims were dismissed because he had alleged such threadbare allegations that he couldn't state a claim, the only the only claim that he actually provided any allegations was the title 7 claim. So it after the district court dismisses all the rest of the claims for and on 12b6 grounds, the court continued and said Chin Young however does address his claims under title 7 of the Civil Rights Act of 1964 and age discrimination in Employment Act and it appears from the facts pled that Chin Young wants to reinstate all of his claims previously resolved by the settlement agreement. And so it's only the claims arising out of the MSPB appeal of the of the title 7 claims that the district court dismissed for lack of subject matter jurisdiction. The rest of his claims the district court dismissed for lack of for failure to state a claim and did so with prejudice. And as such those constitute decisions on the merits as the Fourth Circuit held in McLean v. United States. In McLean v. United States. Well I don't want to belabor this too much but the last sentence of the district court opinion says the complaint may be dismissed sui sponte for lack of subject matter jurisdiction and it doesn't carve out any particular part of the complaint. I mean I understand what you said I read this several times I'm trying to parse to it and figure out what it says but that's what the last sentence of the order says. Respectfully your honor I really do believe that it's only addressing the title 7 claims and the discrimination and employment claims because the court first parsed out and said all the remainder of these claims are so threadbare that they don't state a that they don't state a claim. The only claims we're going to address going forward are the title 7 and H discrimination claims. At least that's how I read paragraph or page 2 of the decision. What is the is there any preclusive effect to the MSPB's prior decisions on the enforceability of the settlement agreement? So there is in that the because the MSPB first held that the settlement agreement was valid in I believe 2013. In the second MSPB or I'm sorry and actually the third MSPB action that Mr. Tin Young brought regarding the action that resulted in this case the MSPB properly decided that its own prior decision that the settlement agreement was valid has res judicata effect and for that reason we move to dismiss not only in the district court we move to dismiss not only on res judicata grounds because the District of Maryland case precluded this action but also on the merits because plaintiff had failed to state a claim regarding the that regarding any of his any of his claims regarding the settlement because the district of Maryland sorry the MSPB properly decided that it that res judicata of its own decision precluded that decision. Additionally because Mr. Tin Young had brought all of his title 7 claims to the MSPB in 2011 and then released all of those claims and then waited a few years and then filed a petition for enforcement he never exhausted his title 7 claims and and never exhausted them through the MSPB and is out of time to to do so now and the district court. When you get the Judge Lee's opinion the second district court opinion as I read what he said about the title 7 claims there is a holding that failed to exhaust but it also is a hold there's also a holding that the court lacks the jurisdiction to the derivative jurisdiction holding that he had just made with respect to those claims. So what happens in that circumstance? Well the and so both of those decisions are jurisdictional decisions because it's also a jurisdictional decision to say that the plaintiff failed to exhaust his administrative remedies in the title 7 context. So both of those are on equal pairing. He did he did identify the derivative jurisdiction issue first but both of those are our jurisdictional decisions. If this court is considering this case on collateral estoppel as opposed to res judicata on collateral estoppel a jurisdictional decision still would preclude re-litigation of those claims as the as the Tenth Circuit is held and has the as the DC Circuit held in the GAF corporation case because the the issue to be collaterally estopped is whether or not the court has jurisdiction over that claim. Because the district court has already held that the that the court lacked jurisdiction to consider plaintiff's title 7 claims because he had not exhausted them through the MSPB and he was out of time to do so that he can't bring those claims again now because he's still out of time to do so he still hasn't exhausted his title 7 claims and he's still out of time to do so. So on a collateral estoppel theory all of that would be precluded. On a res judicata theory the the 12 v 6 dismissals to the extent that they exist in the District of Maryland case would dismiss the entirety of this action because the Fourth Circuit takes a transactional view of res judicata and because Mr. Chin Young asserted claims regarding his termination including claims that it violated discrimination laws that it violated FMLA that it violated HIPAA because the District of Maryland dismissed all of those claims regarding his termination on 12 v 6 grounds he cannot bring any more claims regarding his termination and res judicata is appropriate across the board. So the at the time in 2013 when Mr. Chin Young brought his second action for enforcement seeking his petition for enforcement which was denied by the full MSPB at that time preparing his course of his his avenue of relief would have been to appeal to the Federal Circuit. That's correct. But he would have had to waive his employment discrimination claims in order to do so is that correct? His employment discrimination claims were gone at that point they were gone because he had filed his MSPB appeal originally in 2011 then entered into the settlement agreement that dismissed all of his title 7 claims and then seven months later well beyond the period for any appeal then he brought this petition for enforcement of the settlement agreement at which point if the and at which point with because the MSPB determined that the army had complied with all of the terms he could appeal that to the Federal Circuit. So he could only have so he could only have appealed to the Federal Circuit to force the military to live up to its part of the bargain is that what you're saying because the the discrimination claims were gone? That's correct your honor because his discrimination claims had had been gone for several months at that point. Why weren't but isn't the point of a mixed case that you can argue that the adverse action was based on discriminatory grounds that's what intertwines them? Had he had he appealed the the decision of the MSPB dismissing the discrimination claims when the MSPB dismissed the discrimination claims pursuant to the settlement agreement had he timely appealed that decision at that time he could have challenged not only the breach of the settlement agreement or as he's arguing now rescission of the settlement agreement entirely because it's because he asserts that it was based on coercion. He could have made that claim and if the court determined. Where would he have made that claim? In pre 20 he could have asserted that claim at the at the Federal Circuit I believe or if he was asserting at that point that the if he was asserting at that point that the that the that he was also reinstating all of his title 7 claims I believe he could have brought it to the district court. As I understand it there was a circuit split and I don't recall which side the circuit the fourth circuit fell down. So he even so pre Perry he still would have had to come to the district court. It might have been able to come to the district court. It could have had he timely appealed the the dismissal of his title 7 claims. But they were a part of the I thought they were that's what makes this a mixed case that they were a part of his claims against the military as a whole. That that was his original claim and then he entered into a settlement agreement disposing of those claims at the MSPB. So unlike Perry where he entered into a settlement agreement before he ever got to the MSPB. Mr. Chin Young brought all of his his title 7 claims to the MSPB. He actually filed that action and then settled those claims and the and the MSPB dismissed the the title 7 claims. And then seven months later well beyond the time period to appeal the decision either to the federal circuit or to the district court whichever would be the appropriate avenue. Mr. Chin Young then brought this petition for enforcement which the MSPB denied. So but under your view he would have been had to split his case and appealed part of it to the district court and part of it to the Federal Circuit. Pre Perry? Yes. I believe pre Perry he would have if the MS I'm sorry if the Federal Circuit had determined that the that the army had breached the settlement agreement. I believe the primary course there would be just to he would not have had any post MSPB review pre Perry of his discrimination. No because he because he waited too long to bring the petition for enforcement. Because for purposes of timeliness you carve out the discrimination claims? No because it's so akin to if if at the district court somebody brings the title 7 claim and it's resolved on a settlement agreement and the case is dismissed. And then the party asserts that the that the government breached the settlement agreement. You'd bring a new a new cause of action regarding that settlement the breach of the settlement agreement. But at the end of the day all the court could do is enforce the terms of the settlement agreement. The the answer is not that the that the party gets to reopen their title 7 claims potentially years after after that case has been dismissed. And similarly here the MSPB dismissed the the title 7 claims pursuant to the settlement agreement. And then months later well after the time period for appeal plaintiff brought this petition for enforcement. At which point the MSPB on up through the terms of the settlement agreement. And your position would be the same today? Yes but he is his he can't bring his title 7 claims because they weren't exhausted. And and because he's well out of time to exhaust them now as we're now eight years past the past the termination and seven years past the dismissal of those claims pursuant to the settlement agreement. Which I believe occurred in November 2012. Well we have we have cases that say that jurisdictional dismissals are not judgments on the merits for race judicata purposes. And that where the dismissal is based on two determinations. One of which would render the judgment a bar to another action. The dismissal would not operate as a bar on race judicata. So for the title 7 claims for instance which have these multiple prongs, alternative holdings, those cases would appear to indicate that you would not have a race judicata bar. So our argument there is that sovereign immunity is different than a typical jurisdictional argument. And that should still be entitled to race judicata effect. Excuse me. And that should still be entitled to race judicata effect because the entire purpose of sovereign immunity is to avoid this type of situation where the plaintiff is just continually bringing the same meritless cause of action because the court lacks subject matter jurisdiction on the basis of sovereign immunity. Unlike typical jurisdictional theories, sovereign immunity, when the federal court determines that it lacks federal sovereign immunity, or that federal sovereign immunity precludes the claim, it's a decision that no court could consider that claim. And as such it should be entitled to race judicata effect. But even if it's not entitled to race judicata effect, it should still be entitled to collateral estoppel effect. Because at the very least the court has already decided that it lacks jurisdiction. And if it lacks jurisdiction for the same reason, the court should be entitled to use issue preclusion to preclude re-litigation of the specific issue of whether it has jurisdiction. And so for the Title VII claims, where the dismissal was for failure to exhaust administrative remedies in addition to derivative jurisdiction, the fact that the failure to exhaust administrative remedies is an issue that is also present in the Texas claims for lack of jurisdiction. Or more specifically, in the District of Maryland case, where on reconsideration the court held on those grounds and not on the other grounds regarding the action being brought in the wrong court. At that point, the decision was on failure to exhaust grounds. Which reminds me, Your Honor, going back to your prior question regarding whether or not the decision, the District of Maryland's decision was a 12 v. 6 dismissal. I would point, Your Honor, to the decision on reconsideration in the District of Maryland. Okay, now what page are you on? I don't believe it's in the Joint Appendix. I believe the court would have to look at it in the record in Maryland. And the motion... Did you discuss this in your brief? We did. We did reference the motion for reconsideration in the brief. We referenced it in the context of the fact that the District of Maryland dismissed the action for lack of subject matter jurisdiction for failure to exhaust its administrative remedies. But in that action, the District of Maryland also makes clear that... So you're now reading from an order that we don't have. It's not in the appendix. It's not in the appendix. It is cited in the briefing, though. But in that, in the motion for reconsideration order, which is the order that went up to the Fourth Circuit on appeal, the District Court held, because Chin Young failed to provide any information that might lead to a had accrued on his behalf or that his claims were exhausted, the action had been dismissed. So clearly, at the motion for reconsideration stage, they were still considering it a 12B6 dismissal of the non-Title VII claims, in addition to a dismissal of the Title VII claims. As such, we would respectfully request that the court affirm dismissal on res judicata grounds, or in the alternative, on collateral estoppel court. And if neither of those are appropriate, then as explained in the informal briefing, on the merits on 12B6 and on jurisdictional grounds. Thank you very much. Thank you, Ms. Monahan. With respect to your question about the breakdown of the claims, the answer I would provide is that the court, we would respectfully submit that because the judgely opinion dismissed the Title VII claim and the federal tort claims on lack of subject matter jurisdiction, we would respectfully submit that those claims should be remanded if the court chooses not to remand the entire case to the district court. On the grounds, the government's argument that Mr. Chin Young's claims are dismissed on the grounds of by collateral estoppel, this is because there was a fundamental change in the law between the earlier district court opinion and at this time, that because when the Supreme Court issued the decision in Perry, and this court has held previously in Collins versus Palm Creek, that when that the doctrine of collateral estoppel does not apply if there's been a major change in the governing law. And that is a governing law is not that's not substantive governing law. That it provides another avenue for relief, but the substantive law governing his claims hasn't changed. The jurisdictional law. The answer is yes, right? I mean, it's the Perry provides an avenue for appeal that it wasn't clear that Mr. Chin Young had before. Perry law that governs the claims remains unchanged. Well, the law, the dismissal in the Maryland court was on subject matter jurisdiction grounds because there was not a mixed case. And the law that applies to that decision has changed in the time since that decision was made. And also we would have to kind of go with Judge Duggan's point a different way. That's a jurisdictional issue, which is what allows you to be here to argue today. But in terms of the substantive law underneath the claims Mr. Chin Young makes, Perry didn't change anything. Perry did change that the court, because the discussions about the exhaustion issue, Perry changed that. It acknowledged that when there is allegations of discrimination. We understand that. We really do understand that. We get that. What I think the question is, does the law, the substantive law, EEOC, Title 7, FMLA, ADEA, the law governing the substantive claims hasn't changed? That is correct. The Title 7 law has not changed. However, the other issue with respect to the exhaustion issue is affected because Perry involved allegations of discrimination in the settlement agreement. And the action before the Merit System Protection Board was an action to enforce a settlement agreement. And that is the same here in the court. So what we're dealing with now is an action to enforce the settlement agreement. No. Well, that's what you just said. And it does. I mean, that's it. It kind of this is why I'm having so much trouble with this case. So it has come to us in the context of. The appeal, as it was originally framed, was an action to enforce the settlement agreement. The appeal to the Merit Systems Protection Board was an action to enforce a settlement agreement and the appeal. And before the district court, that was not an action to enforce a settlement agreement that was based off of allegations, the discrimination claims and then tort claims, along with some other statutory and constitutional claims as well. However, the issue of administrative exhaustion, his claims were proper in the district court of Maryland because he had not failed to exhaust his administrative remedies because the MSPB considered the merits of his allegation claims and when it looked at the action to enforce the settlement agreement because those claims are intertwined. The district court found that there was no evidence that he had exhausted, as I recall. So that's incorrect because the exhaustion occurred when he brought his action to enforce the settlement agreement, because as the Supreme Court held in Perry, allegations of discrimination go to the merits of. But the relief. For an action to enforce a settlement agreement is an order enforcing the settlement agreement, correct? Yes. I see that my time is up, so I'm OK. No, no, I'm sorry. I was just making sure. No, I was I was going to say I'm happy to answer any further questions. Otherwise, thank you for your time. Thank you. We will come down and greet counsel and proceed directly to the next case.
judges: Allyson K. Duncan, G. Steven Agee, Henry F. Floyd